RIDDICK v. STATE.

(*Knoxville.*    November 13, 1897.)

CRIMINAL COSTS.  *Paid by State after conviction only on return of nulla bona.*

The costs for which the State is liable in felony cases, under the "Jarvis Bill," after conviction, cannot be adjudged or paid upon a mere declaration of the defendant's insolvency by the Court, but alone upon an actual return of execution *nulla bona.* The return is the sole evidence of such insolvency that the law recognizes.

Act construed: Acts 1897, Ch. 20.

FROM   HAMILTON.

Appeal in error from Circuit Court of Hamilton County.  FLOYD ESTILL, J.    --

CLIFT & CUMMINGS for Riddick.

Attorney-general PICKLE for State.

BEARD, J.   The plaintiff in error was convicted of an assault with the intent to murder in the second degree and his punishment was fixed by the jury at two years confinement in the penitentiary.

He has appealed, but has brought up a record without a bill of exceptions, and without any error

apparent upon its face. The result is that the judgment must be affirmed, so far as he is concerned.

The State complains of the disposition of costs as made by the trial Judge, which is as follows: "In the event of the insolvency of the defendant, the plaintiff will pay its costs when taxed and certified."

This was error in cases such as the present. Under the provision of Subsec. 3 of Sec. 1 of Ch. 20 of the Acts of 1897, the State can only be required to pay costs after a judgment against the defendant, and execution regularly issued and a return by the officer of *nulla bona.* That Act makes this return the evidence of the insolvency of the defendant, and a condition precedent to charging any costs against the State. When this has occurred, then it is the duty of the Court to see that only those costs are certified for payment by the State that are contemplated by that Act.

So much of the judgment in this cause as has been quoted above is, therefore, reversed.